**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT VEGA, SR. et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:10-cv-00405-RCJ-VPC |
| vs. ) | |
| ) | |
| CTX MORTGAGE CO., LLC et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

This is a standard foreclosure case involving one property. The case is not part of MDL Case No. 2119. The Complaint is a class action complaint, but no motion to certify a class has been filed. In a published order, the Court granted two motions to dismiss in part, dismissing all claims except that for statutorily defective foreclosure, and requiring mediation and interim payments. *See Vega v. CTX Mortg. Co., LLC*, 761 F. Supp. 2d 1095 (D. Nev. 2011). Although the Court found the affirmative claims to be without merit, the Court temporarily enjoined foreclosure because it was not clear MERS' assignment of the deed of trust was effective to transfer the beneficial interest in the underlying debt from lender/assignor CTX Mortgage Co., LLC ("CTX") to assignee Chase Home Finance ("Chase") or that MERS had the ability to transfer the underlying debt directly. The Court noted, as it has noted in other cases, that "Chase could cure this defect via an affidavit from CTX indicating that CTX specifically commanded MERS to transfer CTX's interest in the note to Chase, or that MERS' agency for CTX extended

1  this far as a general matter under the [first deed of trust]." *Id.* at 1096 n.1.

2  Bartosh, Matthews, and CTX have now adduced such an affidavit and have moved to

3  dismiss and for relief from the mediation requirement. Michael K. Sullivan attests that he is the

4  Senior Vice President and General Counsel of CTX and that he has personal knowledge of the

5  subject mortgage based upon an internal review of CTX's files. (*See* Sullivan Aff. ¶ 1, Apr. 1,

6  2011, ECF No. 41-1). He attests that CTX's internal files indicate that "CTX transferred the

7  Note and Deed of Trust on the first lien to [Chase] on September 26, 2005, and transferred the

8  Note and Deed of Trust on the second lien to Residential Funding Company, LLC on August 12,

9  2005." (*Id.* ¶ 3). This is not enough, however, and it is confusing, as well. First, the attestation

10  does not answer the questions the Court asked: whether CTX commanded MERS' 2009

11  assignment of the mortgage from CTX to Chase, (*see* Assignment, Dec. 24, 2009, ECF No.

12  22–5, at 2), or whether MERS' agency under the first deed of trust extended this far as a general

13  matter so as not to require a specific command. Second, the deeds of trust are dated July 15,

14  2005 and October 14, 2005, respectively, but Sullivan attests that CTX transferred them to third

15  parties on September 26, 2005 and August 12, 2005, respectively. CTX cannot have transferred

16  the second deed of trust two months before it came into existence. Not only has Sullivan failed

17  to attach the records his affidavit relies on, this discrepancy indicates that the records are

18  themselves unreliable, that he has looked at the wrong records, or some other error or

19  misstatement.

20  Of course, it is the current alleged beneficiary and trustee, Chase and Cal-Western

21  Reconveyance Corp. ("Cal-Western"), respectively, not the moving Defendants, who need

22  produce such evidence to be entitled to dismissal or summary judgment. The moving

23  Defendants did not foreclose, and in fact they disclaim any interest in the Property. (*See id.* ¶ 4).

24  Likewise, Matthews and Bartosh were only the original trustees, and it is Cal-Western, the

25  trustee substituted in by Chase, who is alleged to have filed the defective notice of default. It is

1 these facts that entitle the moving Defendants to dismissal and relief from the mediation

2 requirement. Chase and Cal-Western have not joined the present motions and are not relieved

3 from the order.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 41) and Motion for Relief from Order (ECF No. 42) are GRANTED.

IT IS SO ORDERED.

Dated this 24th day of August, 2011.

_____
ROBERT C. JONES
United States District Judge